*No.* 10.

EXECUTORS OF BOTTAM *against* ADMINISTRATOR OF MOR-
TON. *Chittenden,* 1818.

A note promising to pay A, administrator of B, a sum of money, may be sued in the name of the executors of A, after A's death.

ACTION of assumpsit, on a note signed by Deadat Morton, in his life-time, dated June 18, 1811, for 59,50, alledging that said Morton, in and by said note, promised, for value received, to pay to the said Lemuel Bottam, in his life-time, the sum of 59,50, in the month of October, then next after the date of said note, with interest.

*Plea,* non assumpsit.

On the trial of the cause, the plaintiff offered in evidence, a note in the words and figures following :

"$59,50.                 *Williston, June* 19, 1811.

"For value received, I promise to pay Lemuel Bottam, ad-ministrator of the estate of David Talcott, Junior, fifty-nine dollars fifty cents, in the month of October next, with interest."

The defendant objected to said note, being read in evidence to the Jury, insisting, that the action could not be maintained by the plaintiffs, as executors of Lemuel Bottam, but that the right of action is in the administrator *de bonis non,* of David Talcott, Junior.

The Judge over-ruled the objection, and admitted the note to be read in evidence, and a verdict was returned for the plaintiffs.

The defendant filed his exceptions to the decision of the Judge, and moved for a new trial.

In support of the motion, *Robinson,* for defendant, contended, that the said note was not taken and held by Bottam, in his own right, but in right of the estate of Talcott, and was a *chose* belonging to said Talcott's estate ; that on the death of Bottam the note did not go to *his* executors, nor have they a right to sue for the same, as such executors, but the same remained as a part of the property belonging to the estate of Talcott and could be controlled by the legal representative of Talcott only,

although the administrator of Talcott could have collected this note, yet as it remained entire at his death, it passed to the administrator *de bonis non* as part of Talcott's estate unadministered.

The executor of an executor or administrator, in this State, does not by virtue of his executorship, become executor of the first testator or intestate, and acquires no right, *as such*, over their effects ; but all the property rests in the administrator *de bonis non*, for the use of said estate of the first testator or intestate, and the said executor having no right, either in himself, or in his representative character, cannot maintain this action.

If this mode of proceeding be permitted, the defendant is deprived of his right of pleading in off-set, any counter-claim against the first testator or intestate.

It would also enable an executor to convert to the use of the estate of his testator all personalities left by his testator, as well those held by him as administrator of another, as in his own right, and this the creditors or heirs of the first testator or intestate, would be obliged to look to the estate of the last testator, and accept a small dividend, in case of insolvency, when if the two estates were kept distinct, they might be fully paid.

*Contra.* *Gadcomb*, for plaintiffs, insisted—That Lemuel Bottam, in his life-time, could have maintained an action on this note, *in his own right*, without naming himself as administrator, or stating that the note was executed to him, *as such.* The promise was made to *him*, it did not exist at the time of the death of his intestate. The *consideration* for the note, and which makes the *promise* binding, in law, on the defendant, passed from Bottam to Morton, after the death of Talcott.

The law, in this case, will presume that Bottam, the administrator, parted with *assets* in his hands, for which the note was given. If so, he would be *personally* liable for those assets, and consequently, would have a right to make the note, thus given, his own *personal* demand.

"An executor may recover, *in his own name*, money due to

the testator, in his life-time, and received by the defendant afterwards." Willes' Rep. 103. 1 Term. 477.

"So, in an action of assumpsit, brought on a foreign judgment, recovered by the executor, the plaintiff may declare, in his own right, and not as executor." Doug. Rep. 4.

"So, an executor may maintain an action, in his own name, against a sheriff, for the escape of a prisoner, who was in execution, on a judgment obtained by him, as executor." 2 Term. Rep. 126.

"So, where an executor pays money, which he was not obliged to pay, and afterwards brings an action to recover it back, he may declare in his own right." 4 Term. Rep. 561.

Where the thing sued for is assets, in the hands of the executor or administrator, before the recovery, or where the cause of action arises in the executor's own time, and never did arise to the testator, there the executor may bring the action in his own name, or as executor. Willes' Rep .105. 6 Mod. 92, 181.

Those authorities shew, beyond a doubt, the right of Lemuel Bottam, in his life-time, to sue, on the note in question, in his own name and right.

If then, he could thus sue, it is contended, that as a necessary consequence, the right of action survives to his legal representative.

It is a settled rule of law, that a contract may be declared on, according to its legal effect, and not its literal words ; it is on this principle that Courts have decided where a note or promise is made to one, as executor or administrator, he need not sue as such, nor describe the note or promise as made to him in that capacity, but may declare in his individual character, as on a note or promise made to himself, such being in fact its legal nature. If he elects to sue in his own right, the words "administrator of Talcott," may be rejected as surplusage.

Suppose, at the death of Bottam, an action had been pending on the note in his own right, who should enter to prosecute the suit ? Not the administrator de bonis non of Talcott ; his right to enter must be denied from facts apparent on the face of

the writ ; but there Bottam is not named as administrator of Talcott, nor is the note declared on, described as made to Bot-tam as administrator.   The administrator *de bonis non* would, therefore, stand as a perfect stranger to the suit :  The action would not die with the person who commenced it, being founded on contract.   Some person had the legal right to enter and prosecute.

The executors of Bottam, as his legal representatives, finding the suit pending *in his own right*, and on a note, described, in the declaration, as made *to him*, have the right, and it is also their duty, to enter and prosecute the action to a final issue. If they could *prosecute* an action thus commenced by Bottam, there cannot be a doubt of their right to *commence* a suit on the note.

"Where an executor recovers in a case, in which he need not name himself executor, or dies intestate, or makes his ex-ecutor, who will not prove the will, as to the first testator's goods, his executor or administrator (and not the administrator de bonis non of the first testator) shall sue execution, and would be liable to the costs of a non-suit."   6 Mod. Rep. 181.

The principles which governed the Court, in the above case, completely establish the right of the plaintiff to maintain the present action ; in that case, although the executor sued in that capacity, when he might have sued in his own right and recovered judgment, either by *scire facias* or debt survives to his executor or administrator ; and not to the admistrator de bonis non, his executor or administrator, in case of a non-suit, would have been liable for costs ;  had a suit been commenced by Bottam as administrator, and judgment for the defendant on action of debt, on that judgment, after the death of Bottam must have been brought against *his* executors and not against the administrator de bonis non of Talcott.

If an executor or administrator sue, *as such*, on a contract made to him, when the cause of action arose after the death of the testator, he is *personally* liable for costs, in case of a non-

suit, otherwise where he sues on a contract made in the life-time of the testator or intestate.

If the administrator release a debt due the intestate and take a new note, or accepts a note, covenant or obligation for it, it is a devastavit ; it is then considered *assets* in his hands, for which he is personally liable.   Com. Dig. 1 vol. 362.

Where the defendant binds himself, or promises, *as adminis-trator*, in a case where he was under no legal obligation, *as administrator*, he is personally liable on his bond or promise.    1 Term. Rep. 691.

As has been stated before, the note in question was executed to Bottam in consideration of a debt due the intestate, and which Bottam discharged, or goods and chattels, or money belonging to the estate, which were *assets* in Bottam's hands, delivered to Morton ;  in either of those cases,  agreeably to the authorities last cited, Bottam was personally liable for the amount of the note thus taken, whether it should be collected or not ;  this *personal* liability must be accompanied with its corresponding *legal right* of holding the note as his own *personal* demand.

But, even if he would not, at all events, be personally liable to the estate for the note, he or his executors have a right to elect to have it so, and to hold the note as their own property, which they have done in the present case.

The decision of the Judge, at the trial, was confirmed and Judgment rendered on the verdict with additional costs.